Hege and wife vs. Thorsgaard.

Hege and wife, Respondents, vs. Thorsgaard, Appellant.

*November 18 — December 10, 1897.*

*Specific performance: Vendor and purchaser: Contracts: Evidence: Harmless error.*

1. Under a verbal contract by which defendant agreed to buy a certain eighty-acre tract of land and sell it to the plaintiff on the same terms as he purchased it, and to execute to her a land contract therefor, and to apply on the price thereof the amount he might receive for a forty-acre tract which the plaintiff deeded to him, less certain indebtedness of plaintiff to him, possession of the eighty-acre tract was delivered to the plaintiff pursuant to the contract, but the defendant afterwards sold the forty-acre tract for $1,100 and refused to account therefor, and also leased the eighty-acre tract to the plaintiff's husband without her knowledge, and refused to make to her the land contract as agreed. *Held*, that the plaintiff was entitled to an accounting and to specific performance of the contract.

2. In such action, where it appeared that the defendant had in fact executed a long lease of the forty-acre tract, giving the lessee an option to purchase, and that he admitted that he was chargeable with $1,100, an error in finding that he had sold the land for $1,100 is held to be harmless.

3. Evidence in such action that the entire consideration for the purchase of the eighty-acre tract was to be paid from the proceeds of the plaintiff wife's separate estate, and her positive testimony that the contract was to be made to her, is *held* to justify a finding that the contract was to be made to her, and not to her husband, though she sometimes used the term " we " in testifying of it.

APPEAL from a judgment of the circuit court for Vernon county: O. B. WYMAN, Circuit Judge.   *Affirmed.*

Action to set aside a written lease of lands containing an option to purchase, and for a specific performance of a verbal contract for the purchase of real estate.   The complaint contained allegations sufficient to admit evidence appropriate to establish the facts found by the trial court, and which were found upon the evidence.   Such facts are substantially as follows:

(1) Plaintiff *Dorothea P. Hege,* wife of plaintiff *Amund P. Hege,* was the owner of forty acres of land.

(2) *Dorothea P.* and defendant entered into an agreement to the effect that the latter should purchase of one Hans Thorsen an eighty-acre tract of land owned by him, and sell the same to the former at cost; that defendant should take a deed from *Dorothea P.* of her forty acres of land and hold the same as security for $400 of the down payment on the land, to Thorsen, and such other indebtedness of plaintiffs to defendant as then existed; and that when he should sell the forty, the amount received therefor, after deducting said $400 of down payment and such indebtedness, should be applied on the balance of the purchase money of the Thorsen land, and that plaintiff should have six years, or any time before the expiration of that period, to pay the balance of such purchase money, with the right in the meantime to pay in sums of not less than $100, all deferred payments to draw interest at the rate of six per cent. per annum; that plaintiffs should pay all taxes, and that defendant should execute a land contract in writing, to said *Dorothea P.* in accordance with such agreement, and put the plaintiffs in possession of the farm.

(3) Pursuant to such agreement, defendant purchased of Thorsen the eighty acres of land, paying down thereon $500, $400 of which he furnished, and $100 plaintiffs furnished, and gave his notes for the balance of the purchase money with a mortgage back on the land to secure the payment

thereof. Plaintiff *Dorothea*, also pursuant to the agreement with the defendant, deeded to the latter her forty acres of land, and thereupon possession of the Thorsen tract was delivered to plaintiffs by the defendant, and they have ever since remained in such possession.

(4) The defendant thereafter neglected and refused to execute the land contract as agreed upon, but, without the knowledge of plaintiff *Dorothea*, and without her consent, executed and delivered to her husband, *Amund P.*, a lease of the land for the term of six years, reserving annual rent equivalent to the interest agreed upon, with the option to *Amund P.* to purchase the land at the expiration of the term, on payment of $1,900.

(5) The defendant, before the commencement of the action, sold the forty-acre tract for $1,100, but refused to account therefor as agreed upon, and insisted upon deducting therefrom money advanced to *Amund P.* after the making of the agreement aforesaid and without the knowledge of said *Dorothea P.*

(6) The whole amount defendant is entitled to deduct from the $1,100 received for the forty acres of land, under the agreement made when such forty was conveyed to him, is $660, leaving a balance of $440 which should be applied upon the $1,900 back on the Thorsen land, which sum is due to the defendant before six years from the 1st day of March, 1895, with interest at the rate of six per cent. per annum, payable annually after March 1, 1896, interest having been paid up to that time; and said *Dorothea P.* is entitled to pay the purchase money at any time, or any part thereof not less than $100 at a time.

As a conclusion of law from the facts found, the court determined that *Dorothea P.* was entitled to judgment reforming and changing the lease made to *Amund P.* so that it would be a land contract in the usual form, running to her, and in accordance with the agreement made as set forth in the findings of fact.

Numerous exceptions were filed to the findings of fact and conclusions of law, to preserve for review the questions discussed in the opinion. Judgment was entered pursuant to the foregoing, from which this appeal was taken.

The cause was submitted for the appellant on the brief of *Smith & Griffin*, and for the respondents on a brief signed by *O. B. Thomas.*

MARSHALL, J. At the commencement of the trial there was an objection to any evidence under the complaint, upon the ground that it fails to state facts sufficient to constitute a cause of action. The complaint is quite lengthy, but in substance, by proper allegations, it sets forth the making of a contract between defendant and plaintiffs, by which the former agreed to sell to the latter a particular eighty-acre tract of land for $2,400 on the terms he purchased it of one Thorsen, and apply on the purchase money the amount he might receive for forty acres of land deeded to him by plaintiff *Dorothea,* after deducting from such proceeds certain indebtedness, then existing, of plaintiffs to defendant; that pursuant to such contract possession of the eighty-acre tract of land was delivered to plaintiffs by defendant, and that thereafter defendant sold the forty for $1,100 and refused to account therefor according to the agreement; and that without the knowledge of *Dorothea,* he made a lease of the eighty to *Amund,* and refused to make a land contract to her as agreed upon. Such allegations were sufficient to make a good cause of action in plaintiffs' favor, for an accounting and for specific performance, so the demurrer was properly overruled.

At the close of plaintiffs' evidence there was a motion for a nonsuit made and overruled. Error is assigned on that ruling and on the exceptions to the findings of fact because not sustained by the evidence. All of these rulings may be properly considered together. If, on the evidence, we cannot disturb such findings, we must hold the motion for a

nonsuit to have been properly overruled, for such findings are sufficient to sustain the judgment appealed from. We are not prepared to approve the judgment in form, but wherein it departs in that regard from what would be strictly proper, in view of the facts found, defendant is in no way prejudiced; therefore such departure is not reversible error. The effect of the judgment is to wipe out the lease made to *Amund P.* entirely, and to require the defendant, after applying the money received from the forty, in accordance with the findings, to make a land contract to the plaintiff *Dorothea* in accordance with the verbal contract as established by such findings. A careful consideration of the evidence leads to the conclusion that while it is not very clear and satisfactory, viewing it without the aids that a trial judge is always presumed to have to enable him to discover the truth, we are unable to say that any of the material findings are against the clear preponderance of the evidence. Therefore they must stand as verities in the case. There is considerable evidence in the record, which, if believed, sustains all of such material findings. On the subject of who was the contracting party with the defendant, plaintiff *Dorothea*, while using the pronoun " we," referring to herself and husband, at times, testified positively that the land contract was to be made to her, and there is no controversy but that the entire consideration that was paid consisted of the proceeds of her individual property. No doubt the latter circumstance was quite persuasive with the trial court as to what the fact was, respecting whether the contract was with *Dorothea P.* or her husband. There was no serious controversy as to the essential terms of the contract upon which the defendant sold the land. The dispute was in respect to whether the agreement to sell was with *Dorothea* or her husband, and whether a land contract was to be given, or the lease with an option to purchase, which in effect was to accomplish all the purposes of a land contract, and as to

whether defendant was entitled to deduct from the proceeds of the forty acres of land any further sum than was allowed by the court. These disputed questions are all found in plaintiffs' favor on the evidence.

Defendant acknowledged that he had treated the forty as his own by giving a long lease, with an option to purchase, and that in a pretended settlement with the plaintiff *Amund* he admitted that he was chargeable with $1,100 therefor. So, if the finding that defendant sold the land for $1,100 is not strictly accurate, defendant is not prejudiced thereby. His conduct with reference to the land was such as to warrant the court in holding him liable, the same as if an actual sale of the land had been made. After having made a long lease of the forty without consent of plaintiff *Dorothea*, with an option to the lessee to purchase it, and claiming to be the owner thereof, and acknowledging liability therefor for the sum of $1,100, he cannot complain that the court charged him accordingly.

*By the Court.*— The judgment of the circuit court is affirmed.